## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHELSEA LAUREN GARFIELD,

     Plaintiff,

                               CASE NO.

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
JPMORGAN CHASE BANK, N.A.,

     Defendant.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, CHELSEA LAUREN GARFIELD (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and JPMORGAN CHASE BANK, N.A. (hereinafter "Chase") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Chase is a corporation with its principal place of business in the State of Ohio and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     Chase is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Chase furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff has a credit account with Chase, account number ending in x5827, as to a credit card (hereinafter "Chase Account").

23.     In or about the end of March 2023, Plaintiff was reviewing her Chase Account billing statement and observed an unusually high balance. Upon further review, Plaintiff became aware of several fraudulent and unauthorized charges made on BlueHost.com.

24.     Shortly thereafter, Plaintiff contacted Chase to dispute the fraudulent charges to the Chase Account.

25.     On or about June 21, 2023, Chase responded to Plaintiff's dispute by stating the charges were valid.

26.     On or about July 14, 2023, Plaintiff reported the inaccurate and fraudulent balance to the Consumer Financial Protection Bureau ("CFPB"), File ID 230714-11532240.

27.     In the CFPB report, Plaintiff detailed the fact that the Chase Account was being reported with an erroneous and inaccurate balance, and she requested an investigation into the inaccurate reporting.

28.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

29.     Upon information and belief, Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous and inaccurate balance on her credit report.

30.     From June 2023 to October 2023, Plaintiff contacted Chase and BlueHost.com several times in an effort to resolve the matter.

31.      On or about October 9, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 165172326, informing them that she believed she was a victim of identity theft due to the fraudulent and erroneous charges to the Chase Account.

32.     On or about January 24, 2024, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed the Chase Account was reported with a status of 90 days past due and a balance of $13,840.

33.     On or about January 29, 2024, Plaintiff mailed a detailed dispute letter to Equifax, Experian, and Trans Union concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Chase Account was reporting an inaccurate balance which included several fraudulent charges and that the balance should be approximately $913.78. Plaintiff included an image of her driver's license and Social Security card to confirm her identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Chase of the fraudulent charges, images of the filed CFPB Complaint, and images of the filed FTC identity theft report, number 165172326.

34.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0988 7924 75), Experian (9589 0710 5270 0988 7924 82), and Trans Union (7022 3330 0001 5209 4117).

35.     On or about February 7, 2024, Equifax responded to Plaintiff's detailed dispute letter by acknowledging receipt of Plaintiff's dispute and advised a response would be available within 30 days. Further, Equifax requested additional proof of identity, specific information that is the result of the identity theft, and a copy of the completed FTC Identity Theft Report.

36.     Despite having already provided all of the requested documents, on or about February 25, 2024, Plaintiff resent all the requested documents to Equifax via USPS Certified Mail, tracking number 7002 1000 0004 7263 4721.

37.     On or about March 7, 2024, having not received any dispute results from Equifax, Plaintiff called Equifax and spoke to representative Wyatt who advised two investigations had been opened. The first investigation, number 4037578238, was closed with no action because the letter and FTC report stated "Chase" and not "JPMCB". Further, the FTC Report included the original account number "8023" and not the current account number "5827". Representative Wyatt advised a second investigation, number 4039506332, was opened and pending as a result of the additional documents sent by Plaintiff.

38.     Despite providing Equifax with all the relevant information needed to prove the Chase Account was inaccurate, Equifax refused to conduct an investigation and continued to report the inaccurate account balance.

39.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Equifax never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Equifax notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.     On or about February 20, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Chase Account was verified as accurate and updated.

43.     Despite providing Trans Union with all the relevant information needed to prove the Chase Account was inaccurate, Trans Union continued to report the inaccurate account balance of $13,840.

44.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

45.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Trans Union notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.     On or about February 29, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Chase Account was verified as accurate and updated the account balance to an increased $14,133.

48.     Despite providing Experian with all the relevant information needed to prove the Chase Account was inaccurate, Experian continued to report the inaccurate account balance.

49.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

50.     Experian never attempted to contact Plaintiff during the alleged investigation.

51.     Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

52.     As of the filing of this Complaint, the CRAs continue to report negative and inaccurate information on Plaintiff's credit report regarding the Chase Account, and therefore, Plaintiff's damages are on-going.

53.     Defendants have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into her disputes as it is required by law or otherwise make her credit file accurate.

54.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii.    Loss of time attempting to cure the errors;

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

   iv.    Reduction in credit score; and

   v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

55.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

56.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.     Equifax allowed for a Furnisher to report inaccurate information on an account.

58.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

59.     Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

60.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

61.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

64.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.     Equifax allowed for a Furnisher to report inaccurate information on an account.

66.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.     Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

68.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

74.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

78.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

79.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

16

80.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

84.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85.     Experian allowed for a Furnisher to report inaccurate information on an account.

86.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

87.     Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

88.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

91.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

92.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.    Experian allowed for a Furnisher to report inaccurate information on an account.

94.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.     Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

96.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## <u>COUNT VII</u>
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

100.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

101.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

102.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

103.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

104.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

Case 3:24-cv-00287-TJC-MCR    Document 1    Filed 03/21/24    Page 23 of 35 PageID 23

107. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

108. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

109. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

112.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

114.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

116.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit

from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

118.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

120.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

121.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

122.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

123.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

124.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into

Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

130.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

131.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

132.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT XII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

133.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

134.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

135.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase.

136.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

137.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Negligent)

139.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

140.    Chase furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

141.    Upon information and belief, after receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

142.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account balance was fraudulent and inaccurate.

143.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

144.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

145.   As a result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

146.    The conduct, action, and/or inaction of Chase was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.    Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, JPMorgan Chase Bank, N.A. (Willful)

148.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

149.    Chase furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

150.    Upon information and belief, after receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

151.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account balance was fraudulent and inaccurate.

152.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

153.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

154.   As a result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Chase was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

156.   Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHELSEA LAUREN GARFIELD, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and JPMORGAN CHASE BANK, N.A., jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of March 2024.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:
Frank@TheConsumerLawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*